TRACY L. WILKISON
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
JENNIFER L. WAIER
Assistant United States Attorney
California Bar Number: 209813
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3550
     Facsimile: (714) 338-3708
     E-mail:   Jennifer.Waier@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>              v.<br><br>EYITAYO STEPHEN FAGBOTE,<br><br>         Defendant. | Case No. SA CR 21-56-JLS<br><br>GOVERNMENT'S RESPONSE TO PRESENTENCE REPORT |

   Plaintiff United States of America, by and through its counsel of record, Jennifer L. Waier, having received and reviewed the

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Presentence Report for defendant EYITAYO STEPHEN FAGBOTE in the above matter, submits the government's response to the Presentence Report.

Dated: November 4, 2021       Respectfully submitted,

                                       TRACY L. WILKISON
                                       Acting United States Attorney

                                       BENJAMIN R. BARRON
                                       Assistant United States Attorney
                                       Chief, Santa Ana Branch Office

                                       *Jennifer L. Waier*
                                       JENNIFER L. WAIER
                                       Assistant United States Attorney
                                       Attorneys for Plaintiff
                                       United States of America

Defendant EYITAYO STEPHEN FAGBOTE pleaded guilty to a two-count information charging him with wire fraud in violation of 18 U.S.C. § 1343 and marriage fraud in violation of 18 U.S.C. § 1325(c).

The Probation Office has determined that defendant's total offense level with acceptance of responsibility is 22 and criminal history category is I.  Thus, the advisory guideline sentencing range is 41 to 51 months' imprisonment.  The government concurs with the calculation of defendant's criminal history category, but objects to the total offense level in the Presentence Report and believes that defendant's total offense level should be 20.

To attain a total offense level of 22, the Probation Office applied a two-level increase pursuant to U.S.S.G. § 2B1.1(b)(10)(B) because "a substantial part of a fraudulent scheme was committed from outside the United States." (PSR ¶ 31.)  This is not supported by facts of this case.  Here, the passports and funds were sent to post office boxes located in the Central District of California (PSR ¶ 12); defendant, who lives in the Central District of California, opened and used numerous bank accounts in the Central District of California to perpetuate the scheme (PSR ¶ 13); all of the victim funds were received in the Central District of California (PSR ¶ 15); and a majority of the victims are located in the United States (PSR ¶ 16).  To the extent some co-schemers are located in Africa or a small portion of the proceeds were sent to Turkey does not support that a "substantial part" of the fraud scheme was conducted outside of the United States.  Accordingly, defendant's total offense level should be 20.

Because the justice system was facing an unprecedented crisis through the backlog of cases during the COVID lock-down, the parties

agreed that the defendant is entitled to a two-level variance as recognition of defendant's early acceptance of responsibility. (Plea Agreement, ¶ 3e.)  Thus, with the two-level downward variance, defendant's offense level is 18, resulting in an advisory sentencing guideline range of 27 to 33 months of imprisonment.

In accordance with the Plea Agreement, the government requests that defendant receive the following sentence, which is at the low-end of the applicable advisory sentencing guideline range: 27 months of imprisonment followed by a three-year term of supervised release under the conditions noted in the Presentence Report.  In addition, defendant should be ordered to pay $828,849.62 in restitution and a $200 special assessment.  This sentence is consistent with the applicable factors delineated in 18 U.S.C. § 3553(a) and therefore is just punishment as it protects the public and instills the seriousness of the committed offenses.